# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSEMARY SMALLEY, )<br><br>Plaintiff )<br><br>v. )<br><br>NCO FINANCIAL SYSTEMS, INC., )<br><br>Defendant )<br>_____ ) | **Case No.: 1:12-cv-07583-JKF-KNF**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## <u>COMPLAINT</u>

ROSEMARY SMALLEY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business and has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

PLAINTIFF'S COMPLAINT

**PARTIES**

5.      Plaintiff is a natural person residing in Portchester, New York 10573.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.      At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11.      Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12.      The debt Defendant was seeking to collect, a Sears Store Card account, arose out of transactions that were primarily for personal, family, or household purposes.

13.      Beginning in January 2012, and continuing through July 18, 2012, Defendant continuously and repeatedly contacted Plaintiff on her home telephone seeking and demanding payment of an alleged debt.

14.      Defendant continuously and repeatedly contacted Plaintiff, on average, between two (2) to four (4) times a day in its attempts to collect an alleged debt.  As a result, Plaintiff received more than ten (10) collections calls a week from Defendant.

2

15.     Further, Plaintiff knew it was Defendant calling because she would answer Defendant's collection calls and be greeted by an automated recording identifying "NCO Financial Systems, Incorporated" as the caller.

16.     On numerous occasions, Plaintiff spoke with Defendant's collectors regarding the alleged debt.

17.     Plaintiff repeatedly requested documentation showing the name of the original creditor as well as her signature.

18.     Defendant refused to send Plaintiff any of the requested information. Consequently, after several conversations with the debt collectors, Plaintiff became frustrated believing that her reasonable requests were being disregarded in favor of harassing collection tactics.  As a result, she stopped answering Defendant's calls.

19.     Further upon information and belief the most recent payment on account occurred in 1995. The statute of limitations for the subject debt had long expired at the time Defendant sought to collect.

20.     At no time since last payment in 1995 did Plaintiff ever state in writing that she intended to pay the debt.

21.     Upon information and belief, the applicable statute of limitations for the subject account was six (6) years.

22.     Upon information and belief, Defendant maintains information about the statute of limitations for its collection accounts.

23.     Upon information and belief, Defendant trains its employees to collect past-statute debts by inducing if possible, a partial payment from the consumer, without disclosure of how that may or can affect the consumer's substantive legal rights, claims and defenses.

PLAINTIFF'S COMPLAINT

24.     Defendant attempts to convince debtors that it is "working with" the consumer, but is acting in a deceptive manner seeking payment to revive the statute of limitations, not "work with" consumers or failing that, "warning: them of adverse impact to their credit or legal standing if they do not pay something.

25.     Defendant knows that consumers can be convinced to make a small partial payment quite easily, and are less likely to pay anything if told their substantive legal rights, defenses and claims might be compromised by even a small payment.

26.     The least sophisticated consumer is not put on notice that Defendant is attempting to collect a debt beyond the statute of limitations, and certainly does not realize that making a partial payment on a debt, or making a written promise to pay will, in many instances, revive the statute of limitations and deprive the consumer of an absolute defense to the claim.

27.     Defendant deceptively caused Plaintiff to believe that she could experience serious negative consequences, including being sued, if she failed to make a partial payment.

28.     If Plaintiff knew that Defendant's claims were not accurate and that she had an absolute defense to the time barred claim by doing nothing, she would not make a payment or a written promise to pay.

29.     Defendant deceptively misled Plaintiff about the legal status of the debt and its intentions to revive the statute of limitations to induce payment.

30.     Finally, within five (5) days of its initial contact with Plaintiff, Defendant failed to send Plaintiff any written notification informing her of her rights to dispute the debt and/or request verification of the alleged debt.

31.     Solely as a result of Defendant's deceptive conduct, false statements and refusal to provide documentation about the debt, Plaintiff was unaware of her rights to dispute the debt

PLAINTIFF'S COMPLAINT

and/or request verification of the debt.

32.     Upon information and belief, Defendant contacted Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying this debt.

**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

33.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a.   A debt collector violates §1692d  of the FDCPA  by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.   A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring  or  engaging  any  person  in  telephone  conversation  repeatedly  or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c.   Here,  Defendant  violated  §§1692d  and  1692d(5)  of  the  FDCPA  by continuously calling Plaintiff's home telephone an average two (2) to four (4) times a day, with the intent to annoy, abuse, and harass Plaintiff.

**COUNT II**

34.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(2).

    a.   A debt collector violates §1692e of the FDCPA by using false, deceptive or

5

misleading representations or means in connection with the collection of any debt.

b.   A debt collector violates §1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

c.   Here, Defendant violated §§1692e and 1692e(2)(A) of the FDCPA by misrepresenting the legal status of the debt.

**COUNT III**

35.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692f and 1692f(1).

a.   Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt; and

b.   Defendant violated §1692f(1) of the FDCPA by collecting any amount not authorized by the agreement creating the debt or permitted by law.

c.   Here, Defendant violated §§1692f and 1692f(1) of the FDCPA by attempting to collect and amount not authorized by the agreement and/or permitted by law.

**COUNT IV**

36.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(a) of the FDCPA.

a.   A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3)

6

PLAINTIFF'S COMPLAINT

a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, ROSEMARY SMALLEY, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROSEMARY SMALLEY, demands a jury trial

7

PLAINTIFF'S COMPLAINT

in this case.

RESPECTFULLY SUBMITTED,

Date: 10/04/2012                    By: _____

CRAIG THOR KIMMEL
Attorney ID # 2790038
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax:  (877) 788-2864
Email: kimmel@creditlaw.com

8

PLAINTIFF'S COMPLAINT